IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROBERT DANIEL ALLEN, #252342, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ALABAMA DEPARTMENT OF )<br>CORRECTIONS, and WEXFORD )<br>HEALTH SOURCES, INC. )<br>)<br>Defendants. ) | Case No. 2:20-cv-971-WHA-SMD<br>[WO] |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

*Pro se* Plaintiff Robert Daniel Allen, an inmate currently confined at the Bullock Correctional Facility, brings this Petition for Writ of Mandamus pursuant to 28 U.S.C. § 1361. (Doc. 1). Plaintiff seeks a writ of mandamus directing Defendant Alabama Department of Corrections and Defendant Wexford Health Services[1] to provide him with chemotherapy for his multiple myeloma. (Doc. 1, p. 3). For the following reasons, the undersigned Magistrate Judge RECOMMENDS that Plaintiff's Petition be DENIED and that this case be DISMISSED without prejudice.

Under the All Writs Act, "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The text of the mandamus statute makes clear that a federal district court "lacks mandamus

---

[1] Wexford Health Services is the contract medical provider for the Alabama Department of Corrections.

1

authority over non-judicial state officials." *McClure v. Jones*, 2016 WL 6595920, at *1 (M.D. Ga. Nov. 7, 2016); *see also* 28 U.S.C. § 1361. Moreover, "[f]ederal district courts do not have the authority to issue writs of mandamus to direct state officials in the performance of their duties." *Church of Scientology of Ga., Inc. v. City of Sandy Springs, Georgia.*, 843 F. Supp. 2d 1328, 1380 (N.D. Ga. 2012) (citing 28 U.S.C. § 1361 and collecting cases). Here, Defendants are non-judicial state officials. Accordingly, the Court lacks jurisdiction to issue a writ of mandamus directing Defendants to provide Plaintiff with medical treatment. *See Lawrence v. Miami-Dade Cty. State Att'ys Off.*, 272 F. App'x 781, 781 (11th Cir. 2008) (explaining that a federal district court lacks jurisdiction to issue a writ of mandamus when the writ seeks to compel action from state officials and is the only relief sought).

The undersigned Magistrate Judge therefore RECOMMENDS that Plaintiff's Petition for Writ of Mandamus (Doc. 1) be DENIED and that this case be DISMISSED without prejudice.[2]

It is further ORDERED that the parties shall file any objections to this Recommendation on or before **January 25, 2021**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which each objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination

---

[2] Plaintiff is advised that, if he seeks to challenge the constitutionality of his medical treatment, he may file an action under 42 U.S.C. § 1983.

by the District Court of legal and factual issues covered in the Recommendation, and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see also Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 11th day of January, 2021.

_____
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE